RAIMONDI LAW, P.C.
Christopher A. Raimondi (CR 8118)
3280 Sunrise Highway, Suite 344
Wantagh, New York 11793
(516) 308-4462
Attorney for Plaintiff Nutricap Labs, LLC

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N Y

★   MAR 1 0 2010   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

NUTRICAP LABS, LLC

                Plaintiff,

   - against -

JUST THINK MEDIA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**cv** 10 Civ. **10_1126**
(ECF CASE)

**VERIFIED
COMPLAINT**

WEXLER

Plaintiff, Nutricap Labs, LLC, by its attorney, Raimondi Law, P.C., for its complaint against defendant, Just Think Media, alleges:

## PARTIES

1.    Plaintiff, NUTRICAP LABS, LLC ("**Nutricap**" or "**Plaintiff**") is a corporation organized and existing under the laws of the State of New York with its principal place for the transaction of business located at 70 Carolyn Boulevard, Farmindgale, County of Suffolk, New York 11735.

2.    On information and belief, Defendant, JUST THINK MEDIA ("**JTM" or "Defendant**") is a corporation organized and existing under the laws of Canada with its principal place for the transaction of business located at 11 Athabascan Avenue, Sherwood Park, AB, Canada T8A 6HT.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. 1332 (a) and (c).  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) and (c).

## FACTS

4.     On or about October 9, 2009, JTM placed an order with Nutricap for Two Hundred Fifty Thousand (250,000) teeth whitening pens, at a per-unit cost of $1.12, for a total cost of Two Hundred Eighty Thousand dollars ($280,000) (the "Initial Order").

5.     On or about October 10, 2009, Nutricap agreed to accept the Initial Order on the condition that JTM provide Nutricap with a deposit of One Hundred Forty Thousand dollars ($140,000) (representing 50% of the Initial Order's total cost), with the understanding that the One Hundred Forty Thousand dollar ($140,000) balance would be paid when the Initial Order was complete and ready for shipment to JTM.

6.     On or about October 15, 2009, JTM accepted Nutricap's terms and paid to Nutricap the sum of One Hundred Forty Thousand dollars ($140,000), via a bank wire transfer.

7.     On or about October 16, 2009, Nutricap prepared the artwork for the labels and packaging of the Initial Order, which was to have the product name "Advanced White," as per JTM's instruction.  Nutricap provided JTM with a sample of the artwork for approval by JTM and JTM subsequently approved the artwork.

8.     On or about October 23, 2009, while production of the Initial Order was underway, JTM placed a second order for an additional One Hundred Twenty-Five Thousand (125,000) teeth whitening pens, at a per-unit cost of $1.12 (the "Second Order") and entered into a written agreement with Nutricap regarding both the Initial Order and the Second Order (the "Agreement").  Pursuant to the Agreement, JTM agreed that: (i) the Second Order was in

2

addition to the Initial Order, (ii) the Second Order "would not be held in inventory" by Nutricap, and (iii) JTM would "be held financially responsible for any remaining stock and any product currently in production." The Agreement, executed by Jesse Willms, JTM's Chief Executive Officer, is attached hereto as **Exhibit 1**.

9.     Nutricap did not require JTM to provide an additional deposit before beginning production on the Second Order.

10.     As of October 23, 2009, JTM agreed to purchase from Nutricap, a total of Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens, at a per unit price of $1.12, for a total cost of Four Hundred Twenty Thousand dollars ($420,000).

11.     On or about October 25, 2010, JTM informed Nutricap that JTM needed to change the name of the product from "Advanced White" to "Premium White" because another company was already using the name "Advanced White."

12.     Although JTM had already provided its written approval of the artwork for the labels and packaging that were already in production, Nutricap agreed to cease production and revise the artwork to reflect the new name of "Premium White" as JTM requested.

13.     On or about October 26, 2009, Nutricap provided JTM with the revised artwork for the labels and packaging of the Initial Order and the Second Order (collectively the "Order"), which reflected the name change from "Advanced White" to "Premium White." JTM approved the revised artwork and Nutricap re-started production.

14.     On or about November 1, 2009, while the Order was in production, JTM notified Nutricap that the artwork once again needed to be changed. This time JTM asked Nutricap to change the artwork for the packaging to list one of the ingredients as "carbamide peroxide"

instead of "hydrogen peroxide" in order to more accurately reflect the product's ingredients. This change required Nutricap to halt production of the Order for the second time.

15.     On or about November 2, 2009, Nutricap provided JTM with the revised artwork for the packaging, which JTM approved. After making the appropriate production changes, Nutricap was subsequently able to re-start production of the Order.

16.     On or about January 26, 2010, Nutricap informed JTM that the Initial Order was ready for shipment. Nutricap provided JTM with an invoice and demanded payment of the One Hundred Forty Thousand dollars ($140,000) outstanding invoice balance. A copy of the invoice is attached hereto as "**Exhibit 2**."

17.     On or about January 28, 2010, JTM acknowledged receipt of the invoice and its obligation to pay for and accept delivery of Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens from Nutricap. JTM also thanked Nutricap for its "quick follow up" and stated that Nutricap has been a "good partner."

18.     On or about February 2, 2010, Nutricap again notified JTM that the Order is complete and ready to be shipped as soon as the outstanding invoice is paid in full.

19.     On or about February 18, 2010, Nutricap again notifies JTM that the Order is complete and ready for shipment. JTM acknowledges that payment is due but fails to tender payment.

20.     JTM has never, at any time objected to the invoices or statement of account sent by Nutricap, nor disputed its obligation to pay the remaining balance of Two Hundred Eighty Thousand dollars ($280,000) to Nutricap for the Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens it ordered from Nutricap.

4

21.    Despite making multiple demands for payment, JTM has failed to pay any portion of the Two Hundred Eighty Thousand dollars ($280,000) due and owing to Nutricap for the Order.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

22.    Plaintiff hereby incorporates the allegations made above in paragraphs 1 through 21 of the Verified Complaint as if fully restated here.

23.    Plaintiff has a valid and enforceable contract with Defendant, whereby Plaintiff would cause to be manufactured Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens and Defendant would tender full payment for the product when it was ready for shipment to Defendant.

24.    Plaintiff fulfilled its obligation under the contract by causing the Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens to be manufactured to Defendant's specifications, preparing the Order for delivery to Defendant, and providing Defendant with notice that the Order was ready for shipment.

25.    Defendant has failed fulfill its obligations under the contract by failing to tender the Two Hundred Eighty Thousand dollars ($280,000) presently due and owing to Plaintiff, despite receiving notice from Plaintiff that the product was ready for shipment and Plaintiff's repeated demands for payment.

26.    Defendant has not objected to or disputed the amounts due and owing to Plaintiff for the product manufactured by Plaintiff.

27.    To date, Defendant has not paid any portion of the Two Hundred Eighty Thousand dollars due and owing to Plaintiff.

28.     By reason of the foregoing allegations, and as a result of Defendant's breach of the contract, Plaintiff has been damaged, and demands judgment, in an amount to be determined at trial, but reasonably estimated to be no less than Two Hundred Eighty Thousand dollars ($280,000), plus all applicable interest thereon, including but not limited to interest at the statutory rate.

## SECOND CAUSE OF ACTION
### (Account Stated)

29.     Plaintiff hereby incorporates the allegations made above in paragraphs 1 through 27 of the Verified Complaint as if fully restated here.

30.     Plaintiff has a valid and enforceable contract with Defendant, whereby Plaintiff would cause to be manufactured Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens and Defendant would tender full payment for the product when it was ready for shipment to Defendant.

31.     Plaintiff fulfilled its obligation under the contract by causing the Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens to be manufactured to Defendant's specifications, preparing the Order for delivery to Defendant, and providing Defendant with notice that the Order was ready for shipment.

32.     Plaintiff provided Defendant with an invoice for the amount due and owning for the Initial Order and has stated an account to Defendant.

33.     Plaintiff demanded payment on the amount due and owing of One Hundred Forty Thousand dollars ($140,000), plus all applicable interest thereon, including but not limited to interest at the statutory rate.

34.     Defendant has not objected to the invoice provided by Plaintiff nor disputed the amount due and owing to Plaintiff.

35.     Defendant has assented to the balance due to the Plaintiff and has acknowledged the unpaid amounts as due and owing to Plaintiff.

36.     By reason of the foregoing, an account was stated between Plaintiff and Defendant with a balance of One Hundred Forty Thousand dollars ($140,000).

37.     To date, no part of the requested sum of One Hundred Forty Thousand dollars ($140,000), has been paid by Defendant.

38.     As a result, there is now due and owing, and Plaintiff has been damaged in the amount of One Hundred Forty Thousand dollars ($140,000), plus all applicable interest thereon, including but not limited to interest at the statutory rate.

39.     Accordingly, Defendant is liable for damages caused to Plaintiff in an amount to be determined at trial, but reasonably estimated to be no less than One Hundred Forty Thousand dollars ($140,000), plus all applicable interest thereon, including but not limited to interest at the statutory rate.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands a judgment and award against Defendant as follows:

   a.   On the First Cause of Action, against Defendant for its breach of contract, a judgment and award in an amount to be determined at trial, but reasonably estimated to be no less than Two Hundred Eighty Thousand dollars ($280,000), plus all applicable interest;

   b.   On the Second Cause of Action, against Defendant based on the account stated for debt and balance due and owing to Plaintiff by Defendant, a judgment and award

7

against Defendant in an amount to be determined at trial, but reasonably estimated to be no less than One Hundred Forty Thousand dollars ($140,000), plus all applicable interest;

c.  The costs and disbursements of this action, including reasonable attorney's fees; and

d.  Such other and further relief as this Court may deem just and proper.

Dated:  Wantagh, New York
        March 10, 2010

RAIMONDI LAW, PC

By: _____
        Christopher A. Raimondi (CR-8118)

3280 Sunrise Hwy, Suite 344
Wantagh, New York 11793
(516) 308-4462
Attorney for Plaintiff Nutricap Labs, LLC

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NUTRICAP LABS, LLC

               Plaintiff,

   - against -

JUST THINK MEDIA,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

2010 Civ. _____

**VERIFICATION**

JASON PROVENZANO, verifies, pursuant to 28 U.S.C. 1746:

    1.  I am Executive Vice President of Nutricap Labs, Inc. ("**Nutricap**"), the plaintiff in this action, and as such I am authorized to make this verification.

    2.  I have read the foregoing Verified Complaint and the contents thereof; and the same is true of my own personal knowledge or corporate records regularly maintained by Nutricap in the ordinary course of its business, except as to those matters alleged on information and believe, and as to those matters, I am informed and believe them to be true.

    I verify under penalty of perjury that the foregoing is true and correct. Executed on March _10_, 2010.

                                     _____
                                        JASON PROVENZANO

EXHIBIT

1

October 23, 2009

Just Think Media
Jesse Willms
#204 85 Cranford Way
Sherwood Park
Alberta Canada T8H 0H9

This agreement between Nutricap Labs, hereafter referred to as "THE SUPPLIER" with offices at 260 Smith St Farmingdale NY 11735 and Just Think Media, hereafter referred to as "THE CLIENT" with offices at #204 85 Cranford Way Sherwood Park Alberta Canada T8H0H9 represents that THE SUPPLIER will manufacture and keep stock 125,000 "Teeth Whitening Pens" for this initial run unless advised otherwise. This 125,000 "Teeth Whitening Pens" is in addition to the 250,000 "Teeth Whitening Pens" ordered by THE CLIENT and will not be held in inventory.  THE CLIENT agrees to purchases all remaining stock of "Advanced White Teeth Pens" in the amount of 125,000 Pens.  THE CLIENT must provide notice to THE SUPPLIER if they want THE SUPPLIER to manufacture and hold more inventory. THE CLIENT will be held financially responsible for any remaining stock and any product currently in production.

Please acknowledge by signing below.

Thank you for your business.

Sincerely,

Jason Provenzano
Executive Vice President

Name  Jesse Willms

Title  CEO

Just Think Media

EXHIBIT

2


**NUTRICAP**
**L A B S**

# FINAL INVOICE

| | |
|---|---|
| **DATE** | 10/09/09 |
| **ORDER DATE** | 10/19/09 |
| **DEPOSIT DATE** | 10/15/2009 |
| **ADDITIONAL DEPOSIT DATE(S)** | |
| **TERMS** | N/A |
| **MANUFACTURING DATE** | 1/26/2010 |
| **FINAL INVOICE DATE** | 1/26/2010 |
| **BALANCE RECEIVED DATE** | |
| **SHIPPED DATE** | UPON PAYMENT |

| | |
|---|---|
| **CUSTOMER** | JustThink Media |
| **CONTACT** | Jesse Willms |
| **ACCOUNT #** | 942 |
| **PO #** | |
| **INVOICE #** | 4745 |
| **DEPOSIT CHECK #** | Wire |
| **AMOUNT** | $140,000.00 |
| **FINAL CHECK #** | |
| **AMOUNT** | |
| **REP** | Scott Koleda |

**SHIP TO**   JustThink Media
Att: Jesse Willms
EDS 3919 109th St.
Urbandale, IA 50322

**BILL TO**  JustThink Media
Att: Jesse Willms
11 Athabascan Ave Suite 240 Sherwood Park
Alberta Canada T8A6H2
Phone: 780-416-0211

| QUOTE # | DESCRIPTION | UNIT TYPE | ORDER QTY | FINAL QTY |
|---|---|---|---|---|
| | Dazzle White Teeth Pens-Includes Packaging & Shipping | Pen | 250000 | 250000 |
| | | | | |
| | | | | |
| | | | | |

| DESCRIPTION | Quantity | COST | TOTALS |
|---|---|---|---|
| Dazzle White Teeth Pens-Includes Packaging & Shipping | 250000 | $1.1200 | $280,000.00 |
| | | | |
| | | | |
| | | | |

| **SHIPPING** | CARRIER TYPE / SERVICE | PIECES / WEIGHT / DIMENSIONS | TOTAL COST |
|---|---|---|---|
| **ARTWORK** | DESCRIPTION | # OF HOURS | COST PER HOUR | TOTAL COST |
| **LABELS** | DESCRIPTION (Labels / Plates / Proofs / Misc) | | TOTAL COST |

| | | PAID | DUE |
|---|---|---|---|
| | DEPOSIT | | |

| | | DUE |
|---|---|---|
| | SHIPPING + ARTWORK + LABELS | |

| PAID TO DATE | TOTAL OF GOODS AND SERVICES |
|---|---|
| $140,000.00 | $280,000.00 |

Please make checks payable to:
**NutricapLabs**

**WIRE TRANSFER**

TD Bank
2025 Broad Hollow Rd.
Farmingdale, NY 11735
Acct# 7921271362
Routing# 026013673
S. CODE CBNAUS33

*All deposits for sample(s) are NON-Refundable*

| FINAL BALANCE |
|---|
| $140,000.00 |

Customer will be notified when production is completed; final payment must be received within 3 business days of notification. Customer will be liable for all charges associated with initial order. All orders are to be paid in full when order production is complete and are not contingent upon label completion. If Nutricap Labs is printing labels for the order, Nutricap will guarantee the label production will coincide with product production. Storage fees are not part of this invoice. Inactive inventory stored in Nutricap Labs facility will be billed at a rate of $50.00 per week, unless otherwise agreed upon. Any materials held longer than 30 days without payment will be considered abandoned and will become the property of Nutricap Labs. Nutricap has the right to sell goods that are not paid for after 45 days. For every order there is a possibility of 10% +/- for the final quantity of product. The customer is responsible for this fluctuation as it is an industry standard. This applies to all orders from minimum and up.