UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| NUTRICAP LABS, LLC | : |
|                  Plaintiff, | :    Case No. 2:10-cv-01126 (LDW)(ARL) |
|   - against - | : |
| | :    **RULE 26(f) REPORT** |
| JUST THINK MEDIA, | : |
|                  Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Pursuant to Federal Rule of Civil Procedure 26(f), the parties hereby submit this report for consideration by the Court, following a conference by counsel for the parties on July 23, 2010.

## NATURE AND BASIS OF THE PARTIES' CLAIMS AND DEFENSES

      1.     Plaintiff, NUTRICAP LABS, LLC ("**Nutricap**" or "**Plaintiff**") contends that Plaintiff has a valid and enforceable contract with JUST THINK MEDIA ("**Defendant**" or "**JTM**"), whereby Plaintiff would cause to be manufactured Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens to Defendant's specifications and Defendant would tender full payment for the product when it was ready for shipment to Defendant (the "Agreement").  Plaintiff fulfilled its obligation under the Agreements by causing the Three Hundred Seventy-Five Thousand (375,000) teeth whitening pens to be manufactured to Defendant's specifications, preparing the order for delivery to Defendant, and providing Defendant with notice that the goods were ready for shipment.  Defendant has failed to fulfill its obligations under the contract by failing to tender the Two Hundred Eighty Thousand dollars ($280,000) presently due and owing to Plaintiff, despite receiving notice from Plaintiff that the

goods are ready for shipment and Plaintiff's repeated demands for payment of the outstanding balance due.  Plaintiff has asserted breach of contract and account stated claims.

2. Defendant contends that on or around October 9, 2009, JTM and Nutricap entered into a contract whereby Nutricap agreed to manufacture 250,000 teeth whitening pens, and JTM agreed to pay $280,000 for the teeth whitening kits (the "Initial Contract").  In negotiating the Initial Contract, JTM required and Nutricap agreed to fulfill the Initial Order—and manufacture and ship the teeth whitening pens—no later than 6-8 weeks after the execution of the Initial Contract.  Nutricap failed to adhere to this required delivery date, and in fact was well over a month late before it notified JTM that the teeth whitening pens would be ready for shipment shortly.  As a result of Nutricap's failure to comply with the Initial Contract, JTM was forced to purchase cover teeth whitening pens from a third party and incurred unnecessary expenses.

### CHANGES TO THE TIMING. FORM, OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(a)

3. The Parties will make their initial disclosures pursuant to Rule 26(a)(1) on September 1, 2010.

### SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

4. The Parties intend to take discovery relating to all of the allegations set forth in the Complaint and Counterclaims, as well as the responses and affirmative defenses in the Answer and Answer to Counterclaims.  The Parties intend to seek the production of documents and things evidencing the terms of the alleged agreement or agreements between the parties; all communications between the Parties relating to the alleged agreement or agreements; the specifications for the goods that are the subject of the alleged agreement or agreements, and any amendments or changes thereto; the goods the Defendant allegedly purchased from a third party

vendor to cover Defendant's alleged need for product;  the "Dazzle White" product; and damages alleged to be suffered by the Parties.

## FORM OF PRODUCTION FOR ELECTRONICALLY STORED INFOMRATION

5.	The Parties will produce all electronically stored information in text searchable PDF format.

## ISSUES ABOUT CLAIMS OF PRIVILEGE OR PROTECTION

6.	To the extent privilege issues arise during the course of discovery, the Parties agreed to enter into a Confidentiality Stipulation and submit a [Proposed] Order, which will include provisions that inadvertent disclosure during the course of discovery does not constitute waiver of privilege, and which will be submitted to the Court for approval.

## CHANGES TO THE TIMING OF, FORM OF, REQUIREMENTS OF OR LIMITATIONS ON DISCOVERY

7.	At this time, the parties propose no changes to the limitations on factual discovery imposed by the Federal Rules of Civil Procedure or Local Rules or the time limitations set forth in the Court's Scheduling Order.

8.	The Parties have agreed that all expert discovery should be completed on or before January 10, 2011, that expert reports will be exchanged on January 14, 2011 and rebuttal expert reports will be exchanged on January 21, 2011.

## OTHER ORDERS THAT THE COURT SHOULD ISSUE UNDER RULE 26(c) or UNDRE RULE 16(b) and (c)

9.	The Parties do not believe that any such orders need to be issued at this time. Orders, such as orders on confidentiality, privilege logs, and electronic discovery, may be requested by the Parties in the future.

Dated: August 4, 2010

Respectfully submitted,

| **Raimondi Law, P.C.** | **The Law Offices of Andrew L. Crabtree, P.C.** |
|---|---|
| By:_____/s/_____ | By:_____/s/_____ |
| Christopher A. Raimondi (CR-8118) | Andrew L. Crabtree (AC 2033) |
| | |
| 552 Broadway | 225 Broadhollow Road, Suite 303 |
| Massapequa, New York 11758 | Melville, New York 11747 |
| Tel. (516) 308-4462 | Tel. (631) 753-0200 |
| Fax. (516) 308-4463 | Fax. (631) 753-0650 |
| Attorney for Nutricap Labs, LLC | |

**Kronenberger Burgoyne, LLP**

By: _/s/ Karl Kronenberger_____
  Karl Kronenberger (KK 7022) (pro hac vice)

150 Post Street, Suite 520
San Francisco, CA 94108
Tel. (415) 955-1155
Fax. (415) 955-1158

Attorneys for Just Think Media